**JUDGE FURMAN**     **14 CV 1045**

Complaint Brought Pursuant to
42 U.S.C. sec. 1983 for
False Imprisonment, Conspiracy, and Other Claims

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

VINCENT FAISON

        Plaintiff      CIVIL ACTION:

v.

THE CITY OF NEW YORK,
THE NEW YORK POLICE DEPARTMENT,
and POLICE OFFICER JESUS SOSA

        VERIFIED COMPLAINT

        JURY CLAIM
       AS TO ALL COUNTS

       Defendants
-------------------------------------------------

INTRODUCTION

Vincent Faison ["Faison"] of the Bronx, New York hereby asserts the following claims against the defendants in the above-entitled action:

(1) violation of 42 U.S.C. 1983: False Imprisonment

(2) violation of 42 U.S.C. 1983: malicious abuse of process

(3) violation of 42 U.S.C. 1983: harassment

(4) violation of 42 U.S.C. 1983: conspiracy

(5) Intentional Infliction of Emotional Distress

(6) Negligence

(7) Negligent Infliction of Emotional Distress



RECEIVED FEB 19 2014 U.S.D.C. S.D. N.Y. CASHIERS

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Vincent ["Faison"] is a natural person residing in the City of New York, County of the Bronx, of the state of New York, United States of America; was a resident of New York during all relevant times of this action.

4. Defendant The City of New York ["CITY""] is a properly incorporated city in the State of New York

5. Defendant New York Police Department ("NYPD") officers mentioned herein were, at the time of the occurrence, police officers of Defendant CITY, and at all times herein were acting in such capacity as the agents, servants and employees of the Defendant CITY.

6. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with relation to non-federal actors.

## FACTS

7. On December 24, 2011 Faison while working in his capacity NYC Parks Department employee was in Van Courtland Park with his friend George Warren smoking a cigarette outside Faison's job's Christmas party at Van Courtland Stadium.

8. Faison's car was parked on the grass near the Stadium.

9. While smoking a cigarette Faison turned on his car radio by standing outside the vehicle and turning on the ignition to listen music while he enjoyed his cigarette.

10. After a few minutes, four police officers (including Defendant Sosa) from the 50th Precinct approached Faison on Mr. Warren in a marked van.

11. As the officers approached Faison asked inquired as to why the officers were approaching

12. Defendant Sosa responded "Shut up and sit down"..

13. Faison attempted to provide Officer Sosa with his Park's Department identification, to which Officer Sosa responded "I don't' care about your ID.".

14. Officer Sosa and the other three unnamed placed handcuffs on Defendant Faison and George Warren.

15. Defendant Sosa placed Faison and Mr. Warren in the police fan.

16. Faison was taken to the 50th Precinct by Officer Sosa and the other unnamed Police Officers and subsequently taken to the 45th Precinct in order to administer a breathalyzer test.

17. Once at the 45th Precinct, Faison refused to take the breathalyzer exam stating that he was not driving the vehicle in question, nor was sitting in the vehicle behind the wheel rendering his intoxication level irrelevant.

18. Faison did agree to perform a coordination test offered by the Police.

19. Faison was subsequently taken to central booking located at 215 East 161st Street in the County of the Bronx.

20. Faison was represented by Max Gould of the Legal Aid Society of New York at his arraignment where Faison was charged with three counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drug.

21. Faison was released from central booking on his own recognizance at approximately 4pm on December 26, 201 with his case being adjourned to February 27, 2012.

22. Faison retained private counsel to represent him on his pending criminal charges, incurring legal fees in the amount of $3500.

23. Faison was demoted at his job at the NYC Parks Department as a result of his license suspension; a consequence of pending criminal charges involving Operating a Motor Vehicle While Under the Influence of Alcohol or Drug.

24. Faison lost considerable salary as a result of the demotion.

25. Faison attended court approximately 13 times over the span of nearly two years until his case was ultimately dismissed in front of Judge Oliver on November 12, 2013 in part MSG of the Bronx Hall of Justice.

26. Faison's license was ultimately revoked and is in the process of being restored.

27. Faison has not had his original position and salary at his job restored at the filing of this complaint.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: False Imprisonment

28. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

30. Acting under the color of law, Defendants worked a denial of Faison's rights, privileges or immunities secured by the United States Constitution or by Federal Law.

31. The Officers who arrested Faison, as described in Paragraphs 7-27 intended to confine him. Plaintiff Faison was conscious of his confinement and did not consent to it. Moreover, the confinement was not privileged or authorized by any warrant, order or other legal right.

32. As a result of the aforementioned officer's concerted unlawful and malicious actions, Faison was temporarily deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false imprisonment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.*

*"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS ABUSE OF PROCESS

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. As a result of their concerted unlawful and malicious actions towards Faison, Defendant CITY, NYPD and Officer Sosa deprived Faison of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: HARASSMENT

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. As a result of their concerted unlawful and malicious action on the part of the aforementioned NYPD and Officer Sosa, they engaged in a course of conduct designed to intimidate, place in fear, and embarrass Faison in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: VIOLATIONS OF 42 USC SECTION 1983: CONSPIRACY

37. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. At all times relevant to this Complaint, the aforementioned Officer Sosa and Defendant NYPD engaged, under the domain and control of Defendant City, in an ongoing conspiracy in furtherance of illegal behavior in arresting a person for Operating a Motor Vehicle Under the Influence of Alcohol or Drug with full knowledge that Faison was not operating the vehicle in question.

39. Defendants NYPD and CITY had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants NYPD and CITY had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

40. Defendants NYPD and CITY directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Officer Sosa heretofore described

41. As a direct and proximate cause of the negligent and intentional acts of Defendants NYPD and CITY, as set forth in paragraphs 1-36 above, Plaintiff suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. Defendants maliciously used a "legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed."

WHEREFORE, Plaintiff Faison demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 6: NEGLIGENCE

44. Plaintiff Faison repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

45. Defendants CITY and NYPD owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false imprisonment and subsequent harassment of a citizen in violation of the Fourteenth Amendment of the United States Constitution and 42 USC 1983.

46. Defendants CITY and NYPD breached that duty by failing to act as an ordinary police force, to wit, by failing to perform their duties and by failing adequately to control and to supervise their officers.

47. As a result of those breaches, which were the proximate causes of Faison's injury, Faison suffered harm and damages.

48. Defendants CITY and NYPD are also liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against for compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff Faison repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 48 above with the same force and effect as if herein set forth.

50. Defendants continually negligently inflicted emotional distress on the Plaintiff Faison.

51. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff Faison.

52. Defendants breached their duties to the Plaintiff Faison.

53. The Plaintiff never interfered with the Defendants' obligations under the above-described duties.

54. Plaintiff suffered not only physical symptomologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

55. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

56. Defendants CITY and NYPD are also liable under the doctrine of respondeat superior.

57. As a result of the Defendants' negligent conduct, Plaintiff Faison has suffered and will continue to suffer physical symptomologies, pain, anguish, and severe emotional trauma.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants CITY and NYPD in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted,
Vincent Faision,
By his attorney,
January 10, 2014

Conway C. Martindale II, Esq.
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Fl
New York, NY 10168
212-405-2233

PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

10, January 2014

*Vincent Faison*

Subscribed and sworn to before me, this 13 day of January 2014.

*Notary Public*

CARLOS GONZALEZ
Notary Public, State of New York
No. 02GO6144680
Qualified in Kings County
Commission Expires 05/01/14

# EXHIBIT A

# § 160.50 Release

**DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]**

I, Vincent Faison, Date of Birth 1/14/78, SS# 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, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Vincent Faison, Docket No. or Indictment No. 2011BX069178, in Supreme Court, County of The Bronx, State of New York, relating to my arrest on or about December 24, 2011, may be made available for use in Civil Action Vincent Faison, The City of New York, et al (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF            )

On this 17th day of Feb, 2014, before me personally came Vincent Faison to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

NOTARY PUBLIC
CARLOS GONZALEZ
Notary Public, State of New York
No. 02GO6144680
Qualified in Kings County
Commission Expires 05/01/17

May 18, 2011